TARTER KRINSKY & DROGIN LLP
*Attorneys for Nataki Caver*
1350 Broadway
New York, NY 10018
212-216-8000
David H. Wander, Esq. (dwander@tarterkrinsky.com)
Alexander R. Tiktin, Esq. (atiktin@tarterkrinsky.com)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:                                                                    Chapter 11


NOSRAT LLC,                                                     Case No. 23-70776 (AST)

                                Debtor.
-----------------------------------------------------------X

## RESPONSE BY NATAKI CAVER TO MOTION FOR STAY RELIEF TO PROSECUTE APPEAL

TO THE HONORABLE ALAN S. TRUST,
UNITED STATES BANKRUPTCY JUDGE:

      Nataki Caver (**"Caver"**), by her attorneys, submits this response to the Motion for Stay Relief to Prosecute Appeal by the Debtor [Doc. 21] (the **"Motion"**).

      1.     Caver submits this response to correct certain inaccuracies and omissions of material facts in the Motion, which relate to Caver's injuries and the Debtor's pending appeals.[1]

      2.     Caver filed a complaint against the Debtor and its management company, alleging very serious personal injuries sustained by Caver on January 26, 2016 in the vicinity of the 347 Nostrand Avenue, Brooklyn, New York, which is owned by the Debtor and managed by its affiliate, ABCNY Inc. (the **"Property"**), as a result of the defendants failure to properly maintain the Property.

---

[1] The Debtor consented to a one-day extension to file this response.

3. The Debtor's characterization of Ms. Caver's injury as a "sprained ankle" is repugnant. Ms. Caver suffered very serious, completely debilitating injuries to her left foot and ankle, which resulted in a horrific condition called complex regional pain syndrome "CRPS", requiring daily use of a cane, repeated lumbar sympathetic nerve block surgeries, daily and life-long use of pain medication at her young age of mid-40s. She experiences constant, burning pain in her left foot/ankle, hypersensitivity that even the air hitting it hurts, tenderness, temperature changes, mottled skin, antalgic gait and significantly decreased strength and range of motion. Ms. Caver called doctors to testify at trial who explained that her claimed injuries were causally related to her slip-and-fall accident, permanent and life-altering, including that she would be forced to endure horrific pain and suffering for the remaining 40-plus years of her life expectancy and incur over $2 million in future medical costs.[2]

4. In a bifurcated trial, the jury found liability against defendants, and the trial on damages resulted in an award of $8 million against the defendants.

5. The defendants filed three (3) Notices of Appeal to the New York Supreme Court, Second Appellate Division:

   a. Appeal dated January 11, 2022 from the December 3, 2021 judgment on liability (Index No. 2022-00253);

   b. Appeal dated June 2, 2022 from the April 11, 2022 order denying the motions of defendants to set aside the jury's verdict on liability and damages (Index No. 2022-04457); and

---

[2] The jury's award of $8 million in damages to Ms. Caver is entirely in line with controlling appellate precedent for injured plaintiffs suffering from complex regional pain syndrome. *see, e.g. Hernandez v. Ten Ten Co.*, 102 A.D.3d 431 (1st Dept. 2013) (Court affirmed the jury award of $1,000,000 for past pain and suffering over 8 years, and $2,166,666.67 for future pain and suffering over 25.8 years); *see also, Schulz v. Excelsior Orthopaedics, LLP*, 129 A.D.3d 1606 (4th Dept. 2015) (Court affirmed the jury's award of $6,000,000 in pain and suffering, including $2,000,000 past pain and suffering for 8 years and $4,000,000 in future pain and suffering over 20 years). Jury awards and appellate decisions affirming them for injured plaintiffs, like Ms. Caver, suffering from complex regional pain syndrome are some of the highest in our state due to the completely debilitating and life-altering nature of the condition.

      c. Appeal dated April 5, 2022 from the judgment on damages dated February 25, 2022 (Index No. not issued).

6. The deadline for perfecting the June 2 appeal, Index No. 2022-04457, was December 2, 2022. On December 7, 2022, defendants were granted an extension to January 31, 2023 to perfect this appeal. On February 3, 2023, defendants were granted an additional extension to March 2, 2023 to perfect the appeal. On March 2, 2023, defendants moved for an extension of time to perfect the appeal, which plaintiff opposed. Caver has moved to dismiss this appeal.

7. The April 5 Appeal of the judgment on damages, Index No. 2022-00253, was dismissed for failure to timely perfect the appeal. On March 3, 2023, the defendants filed a motion to vacate the dismissal of the April 5 Appeal.[3] The April 5, 2022 appeal was never registered with the Second Department.

8. The deadline for perfecting the January 11 Appeal of the judgment on liability, Index No. 2022-00253, was July 11, 2022. On July 15, 2022, defendants were granted an extension to September 9, 2022 to perfect this appeal. On September 14, 2022, defendants were granted an additional extension to October 11, 2022 to perfect the appeal. This appeal has also been dismissed.

9. However, on October 11, the defendants moved for an extension of time to perfect the January 11 Appeal of the judgment on liability and to vacate the dismissal of the April 5 Appeal from the judgment on damages. That motion was returned to defendants for correction on October 12, 2022. It was not refiled until March 3, 2023. Counsel for defendants failed to provide any explanation as to why defendants waited almost six months until March 3,

---

[3] This motion by defendants was filed after the Debtor filed its chapter 11 petition. Accordingly, the Debtor may want to request that any order granting relief from stay should be *nunc pro tunc* to the petition date.

2023 to re-file the motion. Four days later, the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code.

10.    In sum, despite the significant passage of time, defendants-appellants have done little if anything to prosecute the appeals and their protracted delays have prejudiced Caver and her right to bring her 2016 accident to a timely resolution. Therefore, Caver looks forward to final resolution, through the Appeals or otherwise.

Dated: New York, New York
       April 13, 2023

TARTER KRINSKY & DROGIN LLP
*Attorneys for Nataki Caver*

By: /s/ David H. Wander
    David H. Wander, Esq.
    Alexander R. Tiktin, Esq.
1350 Broadway
New York, New York 10018
212.216.8000
atiktin@tarterkrinsky.com